UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN ESPINOZA,

          Plaintiff,

    v.

DR. AHMED,

          Defendant.

Case No.  13-cv-05047-JST (PR)

**ORDER OF SERVICE; DENYING REQUEST FOR PRELIMINARY INJUNCTION**

Re: Dkt. No. 11

Plaintiff, an inmate at the Correctional Training Facility (CTF) in Soledad, California filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that prison officials at CTF improperly have delayed his hemorrhoid surgery.  In his original complaint, plaintiff named as defendants Dr. Z. Ahmed, Dr. D. Bright, Dr. R. Javate and Chief Medical Appeals Officer L.D. Zamora, but added no facts linking them to his allegations of wrongdoing.  The Court reviewed his complaint and dismissed it with leave to amend.  Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.   Plaintiff names as defendants Dr. Zahed Ahmed and Dr. D. Bright.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  <u>Id.</u> § 1915A(b).  Pro se pleadings must be liberally construed, however.  <u>Balistreri v. Pacifica Police</u>

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

4  statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

5  which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in

6  order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

7  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

8  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

9  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell

10  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

11  must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

14  the alleged violation was committed by a person acting under the color of state law.  West v.

15  Atkins, 487 U.S. 42, 48 (1988).

16  B.    Legal Claims

17      Deliberate indifference to serious medical needs violates the Eighth Amendment's

18  proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

19  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

20  significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974

21  F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other

22  grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

23  prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of

24  serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v.

25  Brennan, 511 U.S. 825, 837 (1994).

26      Neither negligence nor gross negligence warrant liability under the Eighth Amendment.

27  Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have

28  perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."

United States District Court
Northern District of California

2

Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

According to the amended complaint, plaintiff suffers from painful hemorrhoids.  He is under the care of defendant CTF Medical Doctor Zahed Ahmed (Dr. Ahmed).  Following two years of repeated medical appeals and an eventual petition for writ of mandate in the Monterey County Superior Court, plaintiff received hemorrhoid surgery in or around September 2012.  Plaintiff alleges that he has experienced a resurgence of the hemorrhoids, requiring a second surgery.  Plaintiff further alleges that Dr. Ahmed has refused to provide the surgery and will only provide plaintiff with ineffective topical ointments.  These claims, liberally construed, state a claim of deliberate indifference against Dr. Ahmed.

Regarding defendant Dr. Bright, plaintiff alleges the following:

> As to Dr. Bright being a bona fide defendant in this matter, legal doctrine respondeat superior has to be justifiably factored in this particular case, for if defendant Ahmed cannot have same's constitutionally-violative deliberate indifference extinguished and must be accountable and liable, so, too, then, must Dr. Bright (upon whose diagnostic misassessments Ahmed fashioned his opinions upon when deciding to forego adequate, non-topical pain treatment and medically-necessary secondary hemmorroid [sic] surgery, leaving plaintiff to administratively and judicially grieve and plead for over two years and counting).

(Amended Complaint at 3c.)  Plaintiff makes no further allegations relating to Dr. Bright.

There is no vicarious liability under section 1983.  Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012); Starr v.

United States District Court
Northern District of California

3

1    Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

2         Because there is no vicarious liability under section 1983 and plaintiff does not include

3    allegations showing that Dr. Bright was personally involved in the constitutional deprivation or

4    that there is a causal connection between Dr. Bright's conduct and the constitutional violation, the

5    claims against Dr. Bright are dismissed.  Dismissal is without leave to amend because plaintiff has

6    been given an opportunity to amend this claim and it appears that further amendment would be

7    futile.

8    C.    Request for Preliminary Injunction

9         Plaintiff has filed a request for a preliminary injunction in which he asks the Court to order

10   (1) off-site surgery; (2) pain medication; and (3) assignment of a new doctor.  Federal Rule of

11   Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction.  Prior to

12   granting a preliminary injunction, notice to the adverse party is required.  See Fed. R. Civ. P.

13   65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the

14   action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  A temporary restraining

15   order may be granted without written or oral notice to the adverse party only if: (1) it clearly

16   appears from specific facts shown by affidavit or by the verified complaint that "immediate and

17   irreparable injury, loss or damage will result" to the applicant before the adverse party can be

18   heard in opposition, and (2) the applicant's attorney certifies in writing "any efforts made to give

19   notice and the reasons why it should not be required."  See Fed. R. Civ. P. 65(b).  Here, defendant

20   has not been given notice.  Moreover, plaintiff has not shown that he has satisfied the elements to

21   support an exception.  Accordingly, the request for a preliminary injunction is DENIED.

**CONCLUSION**

23        For the foregoing reasons,

24        1.    Plaintiff's amended complaint states a cognizable Eighth Amendment claim for

25   deliberate indifference to serious medical needs as against Dr. Ahmed.  The Clerk shall terminate

26   all other defendants.

27        2.    Plaintiff's request for a preliminary injunction is DENIED.

28        3.    The Clerk shall issue summons and the United States Marshal shall serve, without

United States District Court
Northern District of California

United States District Court
Northern District of California

1    prepayment of fees, a copy of the amended complaint and a copy of this order upon Dr. Zahed

2    Ahmed at CTF.  The Clerk shall also mail a courtesy copy of the amended complaint and this

3    order to the California Attorney General's Office.

4           4.     In order to expedite the resolution of this case, the Court orders as follows:

5                  a.     No later than **91 days** from the date this order is filed, defendant must file

6    and serve a motion for summary judgment or other dispositive motion.  A motion for summary

7    judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and

8    adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684

9    F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th

10   Cir. 1998), must be served concurrently with motion for summary judgment).[1]

11          If defendant is of the opinion that this case cannot be resolved by summary judgment,

12   defendant must so inform the Court prior to the date the motion is due.

13                 b.     Plaintiff's opposition to the summary judgment or other dispositive motion

14   must be filed with the Court and served upon defendant no later than **28 days** from the date the

15   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

16   provided later in this order as he prepares his opposition to any motion for summary judgment.

17                 c.     Defendant **shall** file a reply brief no later than **14 days** after the date the

18   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

19   hearing will be held on the motion.

20          5.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the

21   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

22   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

23

24   ---
     [1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as
25   required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary
     judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, --- F.3d ----, 2014 WL
26   1317141 (9th Cir. Apr. 3, 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
     Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison
27   Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).
     Such a motion should also incorporate a modified Wyatt notice in light of Albino.  See Wyatt v.
28   Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th
     Cir. 2012).

granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment.  Woods, 684 F.3d at 939).

6.     All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9.     Any motion for an extension of time must be filed no later than the deadline sought

6

to be extended and must be accompanied by a showing of good cause.

        10.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

       **IT IS SO ORDERED.**

Dated:  May 14, 2014



                        JON S. TIGAR
               United States District Judge

United States District Court
Northern District of California